# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Panvrla K. White and Chris Shelly,** *Plaintiffs* | § | |
| | § | |
| | § | |
| **v.** | § | **NO. 1:26-CV-02835-ABD-SH** |
| | § | |
| **Victor Erbring, Assistant Austin City Attorney, *Et al.*,** *Defendants* | § | |
| | § | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ANDREW B. DAVIS**
**UNITED STATES DISTRICT JUDGE**

Now before the Court are Plaintiffs' Complaint (Dkt. 1), filed October 6, 2026, Plaintiffs' Motions to Proceed *In Forma Pauperis* (Dkt. 2 at 1, 3), filed October 6, 2026, and Plaintiffs' Motion for Service of Process (Dkt. 6), filed November 2, 2026.[1]

### I. *In Forma Pauperis* Status

Plaintiffs Panvrla White and Christopher Shelly, proceeding *pro se*, move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1). Under that statute, a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court

[1] The Honorable Andrew Davis referred to this Magistrate Judge the motion to proceed *in forma pauperis* for disposition and for recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and Judge Davis's Standing Order on referrals to United States Magistrate Judges. Dkt. 3. Plaintiffs also seek a temporary restraining order and a return of property (Dkts. 4, 5), but those motions have not been referred.

should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After considering their financial affidavits, the Court finds that Plaintiffs cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** Plaintiffs' motions for *in forma pauperis* status. Because the Court recommends that their Complaint should be dismissed under Section 1915(e), service is not ordered at this time.

## II. Section 1915(e)(2) Frivolousness Review

Because Plaintiffs have been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review their Complaint under 28 U.S.C. § 1915(e)(2).

### A. Legal Standards

*Pro se* complaints are "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). A court "shall dismiss" a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Doe v. Charter Commc'ns, L.L.C.*, 131 F.4th 323, 328 (5th Cir. 2025).

### B. Complaint and Pending State Court Proceedings

On March 31, 2026, the Austin Municipal Court issued a warrant for the seizure of Plaintiffs' dogs "Dodge" and "Ford" under Texas Health and Safety Code § 822.002, after the dogs allegedly

attacked Daria Crean on March 28, 2026. *See City of Austin v. Shelly*, C-1-CV-26-004261 (Travis Cnty. Ct. at Law No. 2), at Dkt. 1 at 11.[2] The warrant was based on a probable cause affidavit by Elayna Grove, who serves as the Animal Protection Serious Bodily Injury Lead Investigator for the City of Austin. The affidavit stated that Crean had been walking on a public sidewalk when the unleashed dogs attacked her and bit her "all over her body" causing her to suffer serious bodily injuries. *Id.* at 14.

After Plaintiffs' dogs were seized and taken to the Austin Animal Center, Plaintiffs moved to dismiss the suit and requested that the dogs be returned. The Municipal Court held a hearing on April 7, 2026, after which it found that the dogs had caused serious bodily injury to Crean and ordered that the dogs should be humanely euthanized. *Id.* at 59-60. Plaintiffs appealed and the appeal is pending before Travis County Court at Law No. 2. *Id.* at 1.

Travis County also pursued criminal charges against White. On April 17, 2026, White was arrested and charged with "attack by dog causing serious bodily injury," a 3rd degree felony. *State of Tex. v. Shelly and White*, No. D-1-DC-26-301426 (450th Dist. Ct., Travis Cnty. Tex.). The state district court appointed White defense counsel and the prosecution proceeds. *Id.*

On October 6, 2026, Plaintiffs filed this civil rights suit against the animal control investigators, prosecutors, and one of the judges involved in their state court proceedings. Plaintiffs allege that their dogs were service dogs and were unlawfully seized based on "false claims of a dog attack." Dkt. 5 at 2. Plaintiffs assert claims under the Americans with Disabilities Act, the Fourth Amendment, and the Fourteenth Amendment. Complaint, Dkt. 1. For relief, Plaintiffs ask the

---

[2] The Court takes judicial notice of Plaintiffs' state court proceedings as matters of public record. *Jenkins v. Tahmahkera*, 151 F.4th 739, 744 n.1 (5th Cir. 2025); *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020); *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019). Plaintiffs also refer to those proceedings in their Complaint and attach some of the state court's rulings to their Complaint.

Court to (1) issue a temporary and permanent injunction "commanding Defendants to immediately release both service dogs into the physical custody" of Plaintiffs; (2) "enjoin Defendants from pursuing any further municipal or administrative disposal actions regarding the animals" pending a hearing on the motion for preliminary injunction; and (3) any other relief the Court deems "just." Dkt. 5 at 3.

**C. *Younger* Abstention**

The abstention doctrine created in *Younger v. Harris*, 401 U.S. 37 (1971) requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Little v. Doguet*, 71 F.4th 340, 345 (5th Cir. 2023). *Younger* also applies to state civil proceedings that are akin to criminal prosecutions, or that implicate a State's interest in enforcing the orders and judgments of its courts. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73, 134 (2013).

The *Younger* abstention doctrine applies here because granting Plaintiffs the injunctive relief they seek would interfere with ongoing state criminal proceedings and civil proceedings that are akin to criminal prosecutions, the state has an important interest in enforcing its criminal laws, and Plaintiffs have the opportunity to raise their constitutional claims in the state court proceedings. *Sims v. Sheriff, Shelby Cnty.*, No. 9:24-CV-215, 2025 WL 1118593, at *1 (E.D. Tex. Mar. 3, 2025), *R. & R. adopted*, 2025 WL 1117435 (E.D. Tex. Apr. 14, 2025). Because any relief from this Court would interfere with ongoing state court criminal proceedings, and civil proceedings akin to criminal proceedings, this Magistrate Judge recommends that the Court abstain from exercising

jurisdiction over this matter. *See Fleming v. Emps. Ret. Sys. of Tex.*, No. A-09-CA-388-LY, 2009 WL 10669496, at *1 (W.D. Tex. July 6, 2009) (dismissing case under § 1915(e) based on the *Younger* abstention doctrine).[3]

## III. Order

The Court **GRANTS** Plaintiffs' Motions to Proceed *In Forma Pauperis* (Dkt. 2) and **ORDERS** Plaintiffs' Complaint to be filed without prepayment of fees or costs. The Court **DENIES** Plaintiffs' Motion for Service of Process (Dkt. 6) and withholds ordering service at this time.

## IV. Recommendation

This Magistrate Judge **RECOMMENDS** that the Honorable Andrew Davis **DECLINE** to exercise subject matter jurisdiction over this suit under the *Younger* abstention doctrine and **DISMISS** Plaintiffs' Complaint *without prejudice* under 28 U.S.C. § 1915(e)(2).

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Andrew B. Davis.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain

[3] Plaintiffs' claims against Defendants the Honorable Todd Wong and Assistant City Attorney Victor Erbring are also barred by the doctrines of absolute judicial and prosecutorial immunity. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 5, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE